IN THE UNITED STATES DISTRICT COURT FOR THE NORTHEASTERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HOUSTON<br>PLAINTIFF | ) | 04C 2807<br>NO.<br>JUDGE GRADY |
| CLIFTON THURMAN #11310<br>(IN HIS INDIVIDAUL CAPACITY) | ) | |
| IVORY JACKSON JR. #14986<br>(IN HIS INDIVIDUAL CAPACITY) | ) | MAGISTRATE JUDGE<br>GERALDINE SOAT BROWN |
| CITY OF CHICAGO<br>DEFENDANTS | ) | TRIAL BY JURY DEMANDED |

COMPLAINT

1. Jurisdiction of the Court

This case is filed under 42 U.S.C. Secs. 1983.1988 and fourth and fourteenth amendments to the United States Constitution. Jurisdiction exists in this court under 28 U.S.C. Secs 1331 and 1334 (3) (4) and the above-mentioned statutory and constitutional provisions.

2. The plaintiff also invokes the pedant jurisdiction of this federal court to hear and decide claims arising under state law

Count 1

Against officer Clifton Thurman #11310 (in his individual capacity) for illegal seizure, false arrest and false imprisonment, under the federal Civil Rights Act.

3. The plaintiff Michael Houston is a citizen of the United States. He has lived there for many years in the city of Chicago and lives there at this time and the time of his arrest was a businessman in the community.

4. On the date of April 17, 2003 the plaintiff was stopped by the city of Chicago police officers Clifton Thurman #11310 and Ivory Jackson #14986 at or near 5000 S. Blackstone street in the city of Chicago county of cook and state of Illinois at the approximate time of 1:00 a.m.

5. The stopping of plaintiff's vehicle was a seizure as contemplate by the fourth amendment to the U.S. Constitution.

6. The defendant officers said they had stopped plaintiff vehicle because he had ran a stop sign at 51 and Blackstone while the plaintiff was traveling north bound. The plaintiff stated back he had came to a complete stop and had let other car go by it a three way stop sign. The officers got angry and said let us do our job.

7. The officers stated to the plaintiff that his temporary registration permit was not in the computer. Then they asked plaintiff to step out of the vehicle and gave him a pat down search.

8. Officer Jackson then pulled the T.R.P. off the vehicle. Plaintiff was told to get back in his vehicle and that he was going to get a lot of tickets.

9. Officer Thurman approached the vehicle again and said he had ran out of tickets in his ticket book and needed to get some more from the station. Officer Thurman then placed plaintiff in the patrol vehicle and Officer Ivory then drove plaintiff vehicle to the police station.

10. Once at the station Officer Thurman asked every officer that came in was there any way he could charge the plaintiff with having a T.R.P. that was not in the computer at that time. No other officer was able to tell him he could, he then told the plaintiff he would have to come back for his ticket's and his car would be impounded for having a false T.R.P.

11. The plaintiff came back to the station in about an hour and a half to two hours at which time Officer Thurman said you are under arrest for having a false T.R.P. and then handcuffed plaintiff to the bench. He stated to plaintiff, the sergeant made him do it.

12. Officer Jackson then came in the room and asked officer Thurman why he had not started on the paperwork yet. He sat down and started writing a report and then got up and started playfully wrestling with Officer Thurman. Which got out of hand because Officer Jackson broke Officer Thurman eyeglasses and almost hurt the other offender who was hand cuffed to a bench.

13. They then sat down and wrote their reports which the plaintiffs was charged with false temporary registration 625, ILCS 5-14-104 ax4 (anti-theft law) and given four tickets (1) Failure to stop at stop sign, (2) operating uninsured vehicle, (3) no city sticker (4) false temporary registration.

14. The plaintiff went to court on these matters several times almost every day. sometimes. Judge Mark Ballard gave plaintiff a very hard time with this matter, but the states attorney stood up and dropped all charges. S.O.L.

15. The arrest of petitioner was made without authority of a valid search warrant or arrest warrant.

16. The conduct of petitioner prior to his arrest could not be reasonably interpreted by the arresting officer as constituting probable cause that petitioner had committed, was committing, or was about to commit a crime.

17. Due to the intentional actions of the above named defendants set fourth above Michael Houston was wrongfully arrested, wrongfully imprisoned, vehicle illegally seized, and maliciously prosecuted. The plaintiff suffered injury to his reputation, was personally humiliated and suffered mental anguish.

18. On the date April 17,2003 there was in force the federal statute known as the federal civil rights act (42 U.S.C. 1983,1888).

19. At the above mentioned times and places the above named defendants were acting under the color of state law.

Wherefore the plaintiff Michael Houston requested the entry of the judgment against the defendant officer Clifton Thurman #11310 (in his individual capacity for illegal seizure, false arrest, false imprisonment under the federal civil rights act.)

For compensatory damages for illegal seizure, false arrest, and false imprisonment ..............................................$50,000,000.

For punitive damages ..............................................$100,000,000.

For all cost of the case, including all reasonable attorney fees incurred by the plaintiff.

Count II

Against defendant Ivory Jackson #14986 (in his individual capacity) for civil rights violation based on illegal seizure, false arrest, false imprisonment under the federal civil rights act.

For this count, the plaintiff reiterates paragraphs 1thru 19 of count I of this complaint.

Where the plaintiff Michael Houston request the entry of judgment against Ivory Jackson #14986 for civil rights violation based on illegal seizure, false arrest, false imprisonment under the federal civil rights act.

For compensatory damages, for illegal seizure, false arrest and false imprisonment .............................................. $50,000,000.

For punitive damages .................................................... $100,000,000.

For all costs of this action including attorney under 42 U.S.C. 1988.
For such other relict as shall be just and equitable

Count III

Against the city of Chicago for false arrest and false imprisonment under Illinois law. The court has jurisdiction over this claim under 28 U.S.C. B67 (9).

For this count the plaintiff reiterates paragraphs 1to 19 of count 1 of this complaint.

At the times and places mentioned above the defendants Clifton Thurman and Ivory Jackson were acting in the scope of their employment as police officers of the city of Chicago.

Wherefore the plaintiff Michael Houston requests judgment against the defendant, city of Chicago for the following items and amounts.

For the illegal seizure, false arrest and
false imprisonment .................................................... $ 50,000,000.
and all cost of the case.

<u>Jury Demanded</u>

Plaintiff Michael Houston respectfully requests a trial by jury.

Respectfully Submitted,

Michael Houston pro se

Michael Houston
4202 S. Vincennes
Chicago, Ill 60653